UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-455-MOC-DCK

| | |
|---|---|
| XYAVIER CALLISTE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) PLAINTIFF'S MEMORANDUM OF ) LAW IN OPPOSITION TO DEFENDANT ) XENG LOR'S MOTION TO SEAL |
| CITY OF CHARLOTTE, Officer XENG LOR, in his individual capacity, and Officer DAVE OSORIO, in his individual capacity | ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff Xyavier Calliste, by and through undersigned counsel, submits this Memorandum of Law in opposition to Defendant Xeng Lor's Motion to Seal pursuant to Rule 6.1 of the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina. Defendant Lor requests to file under seal the Body-Worn Camera (BWC) footage depicting the shooting on July 31, 2018. Plaintiff has no objection to filing the BWC footage and would offer the same evidence in response to Defendant Lor's Motion for Summary Judgment. The Plaintiff objects to the filing being made under seal as no proper grounds for sealing exist and justice would not be served by sealing the Body-Worn Camera (BWC) footage in this case.

### STANDARD OF LAW

Local Rule 6.1 of the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina presumes that matters filed in this Court will be filed unsealed in order to promote openness in civil case proceedings. In requesting to file

a document under seal, a party must file a LCvR7.1 motion and set forth the following: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; (3) Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and (4) supporting statutes, case law, or other authority. LCvR 6.1(c).

The Fourth Circuit has noted the public importance of transparency of judicial processes. This local rule, like those in other District Courts within the Circuit, "endeavors to protect the common law right to inspect and copy judicial records and documents, *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), while recognizing that competing interests sometimes outweigh the public's right of access, *In re Knight Publ'g Co.,* 743 F.2d 231, 235 (4th Cir. 1984)." *Borkowski v. Baltimore County*, 583 F. Supp. 3d 687 (D. Md. 2021).

When a party seeks to seal an exhibit in support of a dispositive motion, a rigorous First-Amendment standard applies to this request. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). This Court specifically applied this rationale to a motion to seal police body-worn camera footage, finding that the Court may grant the defendant's motion to seal the BWC footage "only on the basis of a compelling governmental interest and only if the denial of access is narrowly tailored to serve that interest." *Anderson v. Winston-Salem Police Dept.*, No. 1:20cv596 (MDNC August 22, 2022); *Robinson v. Bowser*, No. 1:12cv301 (MDNC July 19, 2013).

# ARGUMENT

As grounds for sealing the BWC, Defendant Lor contends that the footage contains unspecified highly personal, sensitive, and statutorily protected confidential information, is legally privileged, and has already been deemed confidential per this Court's Protective Order. Defendant Lor further states that he only requests to file these documents under seal so that the parties can present them to the Court without violating the Protective Order and applicable, though unspecified, North Carolina and federal statutes.

**I.     The BWC does not contain personal or sensitive information.**

It must be noted that it is the Plaintiff who produced the BWC footage during discovery of this matter, having obtained it pursuant to an order from Mecklenburg County Superior Court, filed July 8, 2021. Defendant Lor is not the custodian of this evidence and has no expectation of privacy when acting as a police officer on a public street. It is unclear what highly personal or sensitive information in the BWC Defendant Lor seeks to protect, but Plaintiff is unaware of any such information. The BWC depicts Defendant Lor shooting into his vehicle as he maneuvers around the officer. Perhaps Defendant Lor does not want the public to see his unconstitutional actions unfold.

**II.    The North Carolina statutes do not require the BWC to be sealed.**

Defendant Lor's motion cites NCGS § 115C-321 and 132-1.2 as grounds for sealing the BWC footage. Neither of these statutes give rise to a compelling government interest under the proper First Amendment standard. NCGS § 115C-321 concerns the confidentiality of matters contained in personnel files. The BWC is not a part of Defendant Lor's personnel file

and reliance on this statute is misplaced. NCGS § 132-1.2 details the information which a public agency of North Carolina may not be required to disclose, and contains an enumeration of items which are protected. BWC footage is not included in this list. Neither of the statutes offered by Defendant Lor as grounds to seal the BWC provide any rationale for the requested action.

**III.     This Court's Protective Order, Doc. 34, does not require the BWC to be sealed.**

The Consent Protective Order in this matter, Doc. 34, provides that information designated as confidential may be disclosed to the Court (¶ 3a.). Further, the order provides "Notwithstanding a party's desire to file confidential documents under seal, any motion, memorandum, document or other paper filed with the Court is presumptively deemed to be a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law." (¶ 8). The Consent Protective Order does not provide any independent grounds for filing the BWC under seal.

Defendant Lor may have intended to have the BWC footage be protected by this Consent Protective Order, but the Order itself provides that it "does not apply to any documents or information which are deemed to be a "matter of public record" pursuant to N.C. Gen. Stat. §160A-168, N.C. Gen. Stat. § 132-1.4 or the North Carolina Public Records Act, N.C.G.S. §§ 132 -1 et seq." (¶15). NCGS §132-1 defines public records to include films, sound recordings, and tapes regardless of physical form or characteristics, which are made pursuant to public business and such records are deemed the property of the people. NCGS § 132-1.4A governs the release of law enforcement agency recordings such as BWC footage. Plaintiff properly

followed these procedures to obtain a copy of the footage. Defendant Lor cannot unring this bell.

**V.     The North Carolina state court released the BWC to Plaintiff for the purpose of determining legal issues in a potential court proceeding.**

Plaintiff sought release of the BWC footage of his shooting in compliance with North Carolina law and obtained an order dated July 5, 2021 from Superior Court Judge Donnie Hoover, in File No. 21 CVS 5801. A copy of this order is previously filed in this matter as Document No. 23-1. As noted in the order, the Charlotte-Mecklenburg Police Department consented to the release of the recording. This release was restricted to use for the purpose of determining legal issues in a potential court proceeding. The potential proceeding contemplated in the order became this action. It is a logical extension that the permitted use extend to the current legal proceeding. Defendant Lor has not provided any persuasive reason not to permit the use and filing of the BWC footage and the Plaintiff asks that it be filed along with all other evidence relevant to Defendant Lor's actions on July 31, 2018.

**VI.    No compelling governmental interest exists to warrant filing of the BWC under seal.**

As stated above, the proper inquiry when determining whether evidence in support or opposition to a dispositive motion should be filed under seal is the First Amendment standard which requires the party to produce a compelling government interest for the seal. See *Rushford*. Defendant Lor has provided no such justification. This Court routinely accepts filing of BWC footage without seal and this case presents no special circumstance.

Under common law and the First Amendment, courts proceedings are presumed to be open to public scrutiny. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). Likewise, the materials and record which underly court proceedings must also be subject to public scrutiny. *United States v. Cianfrani*, 573 F.2d 835, 851 (3d Cir. 1978) ("Public confidence [in the judiciary] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view."). Defendant Lor provides no compelling reason why the public should be shielded from scrutinizing the BWC footage in this case.

## **CONCLUSION**

Defendant Lor cannot meet this high burden to warrant the filing of the BWC footage under seal in this case, and Plaintiff respectfully asks the Court to deny Defendant Lor's Motion to Seal.

Respectfully submitted,

/s/ Micheal L. Littlejohn Jr.
Micheal L. Littlejohn, Jr.
N.C. Bar No. 49353
Littlejohn Law PLLC
PO Box 16661
Charlotte, NC 28297
Telephone: (704) 322-4581
Fax: (704) 625-9396
Email: mll@littlejohn-law.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:21-cv-455-MOC-DCK**

| | |
|---|---|
| **XYAVIER CALLISTE,** )<br>)<br>**Plaintiff,** )<br>) **CERTIFICATE OF SERVICE**<br>**vs.** )<br>)<br>**CITY OF CHARLOTTE, et al.,** )<br>)<br>**Defendants.** )<br>_____ ) | |

The undersigned certifies that on January 27, 2023, the foregoing document was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, and notice thereof was served in accordance therewith via electronic mail, to:

Stephanie H. Webster
Cranfill Sumner LLP
swebster@cshlaw.com
*Attorney for Defendant Xeng Lor, in his Individual capacity*

Roger A. McCalman
Assistant City Attorney, City of Charlotte
Roger.McCalman@charlottenc.gov
*Attorney for Defendant City of Charlotte & Defendant David Osorio*

Respectfully submitted,

**BY: LITTLEJOHN LAW, PLLC**

/s/ Micheal L. Littlejohn Jr.
Micheal L. Littlejohn, Jr.
N.C. Bar No. 49353
Littlejohn Law PLLC
PO Box 16661
Charlotte, NC 28297
Telephone: (704) 322-4581
Fax: (704) 625-9396
Email: mll@littlejohn-law.com
*Counsel for Plaintiff*