IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-455-MOC-DCK

| | |
|---|---|
| XYAVIER CALLISTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| THE CITY OF CHARLOTTE, XENG LOR, ) | |
| and DAVE S OSORIO, ) | |
| Defendants. ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant Xeng Lor's "Motion To Seal" (Document No. 38) filed January 13, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1** **SEALED FILINGS AND PUBLIC ACCESS.**

**(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be

sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

>**(1)** A non-confidential description of the material sought to be sealed;
>**(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
>**(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
>**(4)** Supporting statutes, case law, or other authority.

LCvR 6.1. It appears that the requirements of LCvR 6.1(c)(1) through (4) have been adequately met.

Having considered the factors provided in LCvR 6.1(c), as well as the parties' briefs, the Court will grant the motion to seal. See (Document Nos. 38, 38-1, 41, and 48). The undersigned finds it particularly persuasive that the body worn camera ("BWC") footage at issue here was released to Plaintiff's counsel with conditions that included: "the recordings shall not be released to the public or the media." (Document No. 48, p. 2); see also (Document No. 23-1).

The undersigned expresses no opinion as to how this information may be used at trial or how the Court might decide a request to unseal at a later date.

**IT IS, THEREFORE, ORDERED** that Defendant Xeng Lor's "Motion To Seal" (Document No. 38) is **GRANTED**. Defendant Xeng Lor's BWC footage shall remain under **SEAL** until otherwise ordered by this Court. See (Document Nos. 36-5, 37)

Signed: February 17, 2023

David C. Keesler
United States Magistrate Judge