UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
WDNC Civil Action No. 3:21-cv-455-MOC-DCK

| | |
|---|---|
| XYAVIER CALLISTE, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF CHARLOTTE, OFFICER XENG LOR, in his individual capacity; and OFFICER DAVE OSORIO, in his individual capacity, <br><br> Defendants. | **DEFENDANTS' JOINT MOTION FOR RELIEF FROM PRETRIAL AND TRIAL OBLIGATIONS AND DEADLINES AND TO CONTINUE TRIAL DATE** |

NOW COME Defendants City of Charlotte, Officer Xeng Lor, and Officer Dave Osorio, (collectively "Defendants") by and through undersigned counsel, and pursuant to Local Rule 7.1, hereby move for an order continuing the trial in this case and suspending the applicable pretrial deadlines accordingly. In support of this motion, Defendants state as follows:

1. On March 16, 2022, the Court set the trial date in this case for April 17, 2023 [Doc. 30]. Subsequently, the Court reset the trial date for June 20, 2023 via ECF notification dated March 15, 2023. The Court then reset the trial date again to August 21, 2023 via ECF notification dated May 30, 2023.

2. The Defendants each moved for summary judgment on January 13, 2023 [Docs. 36 and 39], and a hearing on the same was held on June 22, 2023. Those motions are currently pending before this Court. The record on summary judgment is voluminous and it is possible that the Court will not be able to consider and resolve the summary judgment motions before the parties are required to file their pretrial submissions on August 7, 2023, their motions in limine

and supporting briefs on August 14, 2023 or even until after August 21, 2023, when trial in this matter is scheduled to commence.

3. The pretrial deadlines will require the parties to unnecessarily expend substantial time and resources before August 21, 2023 if there is not an order continuing the trial date. For instance, the parties may be required to prepare and submit trial briefs and jury instructions for claims that may not advance beyond summary judgment or that are otherwise narrowed or clarified by the Court through its decision on summary judgment. Similarly, the parties may be required to prepare and submit motions in limine on matters that that may not be relevant at trial.

4. Additionally, Defendants Lor and Osorio asserted their entitlement to qualified immunity as one of the legal grounds for their Motions for Summary Judgment. Significantly, Defendant Lor's and Defendant Osorio's qualified immunity is an "entitlement not to stand trial or face the other burdens of litigation…." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985). Thus, under well-established Supreme Court precedent, a defendant is entitled to have the qualified immunity question resolved at the earliest possible stage of litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam) ("we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation."). Therefore, Defendants Lor and Osorio should be afforded a ruling on whether they are entitled to qualified immunity from suit in this case before fulfilling the pretrial obligations of filing pretrial disclosures, motions in limine, trial briefs, proposed jury instructions, and any other pretrial burdens.

5. The Court may also be required to needlessly expend substantial resources to review, consider and/or decide pretrial motions and submissions on claims that may or may not

4867-1143-6147, v. 1

advance beyond summary judgment or that are narrowed or clarified by the Court's summary judgment Order.

6. In response to Defendants' request for Plaintiff's position on this Motion to Continue and for relief from pretrial obligations, Plaintiff's counsel responded, "My understanding is that the trial date remains unchanged, Ms. Webster. In Plaintiff's view, we should adhere to the Court's pre-trial deadline, which is currently set for August 7, 2023."

WHEREFORE, for the reasons set forth herein, Defendants respectfully request that this Court continue the trial date currently set until at least ninety (90) days after the Court's rulings on the summary judgment motions and suspend all pretrial deadlines until a new trial date is established by the Court.

Respectfully submitted this the 27th day of July, 2023.

          CRANFILL SUMNER LLP

BY: /s/ Stephanie H. Webster
Stephanie H. Webster, NC Bar #12164
*Attorneys for Defendant Lor*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
swebster@cshlaw.com

BY: */s/ Roger A. McCalman*
Roger A. McCalman
N.C. Bar # 46243
Assistant City Attorney
*Attorney for Defendants City and Osorio*
600 E. Fourth Street
Charlotte, North Carolina 28202-2841
Telephone: (704) 353-0299
Roger.McCalman@charlottenc.gov

## CERTIFICATE OF SERVICE

   This is to certify that the undersigned has this day electronically filed the foregoing **DEFENDANTS' JOINT MOTION FOR RELIEF FROM PRETRIAL AND TRIAL OBLIGATIONS AND DEADLINES AND TO CONTINUE TRIAL DATE** with the Clerk of Court using the CM/ECF system and served the same on all parties to this cause as follows:

| | |
|---|---|
| Michael L. Littlejohn Jr. | Roger A. McCalman |
| Littlejohn Law, PLLC | Assistant City Attorney |
| mll@littlejohn-law.com | Roger.McCalman@charlottenc.gov |
| *Attorney for Plaintiff* | *Attorney for Defendants City and Osorio* |

This the 27th day of July, 2023.

             CRANFILL SUMNER LLP

         BY: /s/ Stephanie H. Webster
             Stephanie H. Webster, NC Bar #12164
             *Attorneys for Defendant Lor*
             P.O. Box 30787
             Charlotte, NC 28230
             Telephone (704) 332-8300
             Facsimile (704) 332-9994
             swebster@cshlaw.com