UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-455-MOC-DCK

| XYAVIER CALLISTE, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| CITY OF CHARLOTTE, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendant City of Charlotte's motion to stay. (Doc. No. 58). Plaintiff opposes Defendant's motion. (Doc. No. 59). The Court will, in its discretion, grant Defendant's motion to stay in the interest of judicial economy.

## I. Background

Officer Xeng Lor, of the Charlotte-Mecklenburg Police Department ("CMPD"), was acting under color of state law when he shot Plaintiff Xyavier Calliste at Charlotte-Douglas International Airport on July 31, 2018. Plaintiff sued Officer Lor, Officer David Osorio (the CMPD officer who interrogated Plaintiff after the shooting), and the City of Charlotte.

Defendants Lor, Osorio, and the City of Charlotte filed motions for summary judgment in January 2023. The Court denied Officer Lor's motion, granted the City of Charlotte's motion in part, and granted Officer Osorio's motion in full. Defendant Lor appealed this Court's denial of his summary judgment motion. That appeal remains pending before the Fourth Circuit. This matter's trial is currently set for April 15, 2024.

Plaintiff's only surviving claim against the City of Charlotte is for negligence per se. See N.C. Gen. Stat. § 15A-401. Plaintiff's negligence claim against the City is related to Plaintiff's

1

remaining claims against Defendant Lor, because Plaintiff's claim against the City effectively operates as a claim against Defendant Lor in his official capacity. See Franklin v. City of Charlotte, 64 F.4th 519, 538 n.3 (quoting Thompson v. Town of Dallas, 142 32 N.C. App. 651 (2001)). Ordinarily, Charlotte would be insulated from Plaintiff's official capacity claim by governmental immunity. Here, however, Charlotte has waived governmental immunity. See N.C. Gen. Stat. § 160A-485.5.

Officer Lor's public official immunity <u>could</u> shield the City of Charlotte from Plaintiff's negligence claim. But see Thompson v. Town of Dallas, 142 N.C. App. 651, 543 S.E.2d 901, 905 (N.C. Ct. App. 2001). But public official immunity is unavailable "to officers who violate clearly established rights." Bailey v. Kennedy, 349 F.3d 731, 742 (4th Cir. 2003). Consequently, where an officer is not entitled to qualified immunity from a claim against them in their personal capacity, the officer is likewise not entitled to public official immunity from a claim against them in their official capacity. Thomas v. Holly, 533 Fed. App'x 208, 223 (4th Cir. 2013) (unpublished) (citing Bailey, 349 F.3d at 745).[1] This Court denied the City of Charlotte's summary judgment motion based on its finding that Defendant Lor had violated a clearly established right, was thus not insulated by qualified immunity, and a fortiori not entitled to public official immunity. If the Fourth Circuit reverses this Court's findings with respect to qualified immunity, this Court may need to revisit its public official immunity analysis. Even then, however, it is hardly settled that Defendant Lor's public official immunity would shield the City of Charlotte against Plaintiff's negligence claim.

---

[1] In fact, to overcome qualified immunity a "plaintiff must establish an even greater degree of excessive force than that required" to overcome public official immunity. Lee v. Town of Seaboard, 863 F.3d 323, 328 (4th Cir. 2017) (quoting Fowler v. Valencourt, 108 N.C. App. 106, 115 (1992) rev'd in part on other grounds, 334 N.C. 18 345 (1993)); see also Myrick v. Cooley, 91 N.C. App 209, 215 (1988).

## II. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Facing a motion to stay, lower courts consider several factors: the applicant's likelihood of success on the merits; the possibility of irreparable injury; and the public interest. Hilton v. Braunskill, 481 U.S. 770, 776 (1987). "[S]ince the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." Id. at 777.

Defendant casts Plaintiff's opposition to stay as a request for bifurcation of claims. (Doc. No. 60). While generally disfavored, Toler v. Gov't Emps. Ins. Co., 309 F.R.D. 223, 225 (S.D.W. Va. 2015) (internal citation omitted), bifurcation is justified where separate trials would avoid prejudice, promote judicial economy, and not unfairly prejudice the non-moving party. F and G Scrolling Mouse, LLC v. IBM Corp., 190 F.R.D. 385, 387 (M.D.N.C. 1999). Like entering a stay, bifurcating claims is within the Court's discretion. Bowie v. Sorrell, 209 F.2d 49, 51 (4th Cir. 1953); Fed. R. Civ. P. 42(b).

## III. Analysis

Plaintiff argues that Defendant's motion to stay "should be denied as contrary to law." (Doc. No. 59 at 1). But Plaintiff also recognizes—perplexingly—that the Court has discretion to stay this matter. (Id. at 4–5) (citing Landis, 299 U.S. at 254). Plaintiff's latter position is correct.

On these facts, most of the Hilton factors are neutral. First, neither party offers convincing evidence that granting or denying a stay will cause irreparable harm. Plaintiff's "unnecessary delay in preparing trial exhibits, drafting stipulations of facts, and filing witness lists," is barely a harm, never mind irreparable. See (Doc. No. 59 at 9). Charlotte's contention

3

Case 3:21-cv-00455-MOC-DCK   Document 61   Filed 02/29/24   Page 3 of 4

that "[p]roviding staff for two trials stemming from the same incident he [sic] irreparably injure [sic] the City" is even less compelling. See (Doc. No. 60 at 2). Of course, Defendant Lor might suffer clear harm absent stay, which could favor granting the City's motion. But if Defendant Lor were concerned about that harm, he would have moved for stay himself.

Second, the City of Charlotte has not appealed this Court's order denying summary judgment, so the "likelihood of success on the merits" factor is largely irrelevant. While Defendant Lor's success on appeal would have some bearing on Charlotte's negligence defense, it would not be dispositive. Even if Lor wins, Charlotte can still lose.

The final Hilton factor—the public interest—ultimately justifies a stay. Plaintiff's claims against Defendants Lor and the City of Charlotte arise from a common nucleus of operative fact. Bifurcating Plaintiff's proceedings against Officer Lor and the City would waste public resources and frustrate judicial economy.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant City of Charlotte's motion to stay (Doc. No. 58) is **GRANTED**. This matter is **STAYED** pending resolution of Defendant Lor's appeal by the Fourth Circuit.

Max O. Cogburn Jr
United States District Judge