UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-2158

XYAVIER CALLISTE,

          Plaintiff - Appellee,

    v.

OFFICER XENG LOR, in his individual capacity,

          Defendant - Appellant.

And

CITY OF CHARLOTTE, NORTH CAROLINA; OFFICER DAVE S. OSORIO, in his individual capacity

          Defendants

Appeal from the United States District Court for the Western District of North Carolina at Charlotte. Max O. Cogburn, Jr., District Judge. (3:21-cv-00455-MOC-DCK)

Argued: May 6, 2025　　　　　　　　　　　　　　　　　　　　　　　Decided: June 24, 2025

Before KING, THACKER, and BERNER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ARGUED:** Steven Andrew Bader, CRANFILL SUMNER LLP, Raleigh, North Carolina, for Appellant. Gregory Cui, RODERICK & SOLANGE MACARTHUR

JUSTICE CENTER, Washington, D.C., for Appellee. **ON BRIEF:** Stephanie H. Webster, CRANFILL SUMNER LLP, Charlotte, North Carolina, for Appellant. Micheal Leray Littlejohn, Jr., LITTLEJOHN LAW, PLLC, Charlotte, North Carolina; Kathleen Pleiss, RODERICK & SOLANGE MACARTHUR JUSTICE CENTER, Washington, D.C., for Appellee.

———

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

As this court has reiterated, when reviewing an interlocutory appeal from the denial of qualified immunity, our jurisdiction is limited to one, purely legal question: if we take the facts as the district court gives them to us, and we view those facts in the light most favorable to the plaintiff, is the defendant entitled to qualified immunity? Because Officer Xeng Lor's appeal disputes only the facts as the district court presented them, we dismiss for lack of jurisdiction.

I. Background

On the evening of July 31, 2018, Charlotte Police Department Patrol Officer Xeng Lor responded to a call that a black Dodge vehicle had entered a business valet parking lot at the Charlotte airport without authorization. The vehicle, driven by Xyavier Calliste, had snuck under the parking lot's security gate by trailing directly behind another car—a practice known as "piggybacking."

Upon arriving at the parking lot, Officer Lor saw a black Dodge. Because Officer Lor could not read the license plate, he turned on his lights and siren and began following the vehicle. The vehicle accelerated away from Officer Lor's patrol car. Rather than pursuing the vehicle, Officer Lor proceeded to the parking lot's single exit to wait for the vehicle to leave.

When Officer Lor arrived at the exit, he saw a different dark-colored vehicle approach. Officer Lor got out of his patrol car and motioned for that vehicle to stop. After the vehicle stopped, Officer Lor approached the vehicle to speak to the driver. Just as

3

Officer Lor reached the passenger side of the vehicle, the black Dodge driven by Calliste approached from behind.

Calliste maneuvered around the passenger side of the other vehicle where Officer Lor was standing. As Calliste began to pass Officer Lor, Officer Lor twice shouted, "get out of the car." Calliste did not stop. Instead, he continued to drive past Officer Lor. After Calliste's vehicle had already begun to pass Officer Lor, Officer Lor fired his gun twice at Calliste. The two bullets entered through the driver side door and struck Calliste.

Despite being shot twice, Calliste did not stop driving. He exited the parking lot and went to a hospital for medical treatment. Calliste was treated at the hospital for two days, after which he was transferred to Charlotte police headquarters where he was investigated and booked into custody. All charges against Calliste were eventually dismissed.

## II. Procedural History

Calliste sued Officer Lor for use of excessive force under Section 1983, assault and battery, and negligence *per se*. *Calliste v. City of Charlotte*, 695 F. Supp. 3d 708, 716 (W.D.N.C. 2023). Following discovery, Officer Lor moved for summary judgment, asserting that he was entitled to qualified immunity.

In considering Officer Lor's motion, the district court recognized that two of our prior cases were directly on point to the qualified immunity analysis: *Waterman v. Batton*, 393 F.3d 471 (4th Cir. 2005), and *Williams v. Strickland*, 917 F.3d 763 (4th Cir. 2019). In *Waterman*, this court considered a shooting following a high-speed chase during which the driver had reportedly tried to run a police officer off the road. 393 F.3d at 474–76. There,

4

a number of officers were standing in or about the car's forward trajectory, and the car "lurched forward" and "began to accelerate," such that the officers reasonably believed that the car would "run them over in approximately one second." *Id.* at 474–76, 475 n.6. This court held that the officers had not violated the Fourth Amendment by using deadly force because they fired their weapons as the car lurched toward them. *Id.* at 478–79.

Waterman's car passed the officers, however, avoiding them by several feet. *Id.* at 475. As the officers scrambled toward the car that had already passed, some began or continued shooting at Waterman. *Id.* This court held that the officers violated the Fourth Amendment to the extent that they began using deadly force, or continued using deadly force, after the car had driven past them—in other words, once it was no longer reasonable for them to believe that the car was about to run over them or their fellow officers. *Id.* at 482. This was true even though mere seconds separated the point at which deadly force was lawful from the point at which deadly force became unlawful. *Id*. As this court put it, "force justified at the beginning of an encounter is not justified even seconds later if the justification for the initial force has been eliminated." *Id.* at 481.

*Williams* involved a similar set of circumstances. There, once again, a driver had possibly driven past an officer when an officer shot him. *Williams*, 917 F.3d at 766–67. In *Williams*, this court observed that "officers violate the Fourth Amendment if they employ deadly force against the driver once they are no longer in the car's trajectory." *Id.* at 770.

Applying *Waterman* and *Williams*, the district court concluded that "[t]aking the facts in the light most favorable to [Calliste], Officer Lor shot Mr. Calliste *after* Officer Lor was no longer in the path of Mr. Calliste's vehicle." *Calliste*, 695 F. Supp. 3d at 720

5

(emphasis in original). The district court emphasized Officer Lor's own testimony, in which he said: "The vehicle was driving toward me, and then the first time—when my shot went off, *it was beside of me*. So at the point in time *it was coming by*, that's when the shots went off." *Id.* (emphasis in original). On the basis of these facts, the district court concluded there was a genuine issue of material fact as to whether Officer Lor's use of deadly force against Calliste violated the Fourth Amendment. *Id.*

The district court then turned to whether the Fourth Amendment right against such use of deadly force was clearly established at the time Officer Lor shot Calliste. The district court held that this court's precedent clearly established that an officer violates the Fourth Amendment if they employ deadly force against a driver once the officer is "no longer in the car's trajectory." *Id.* at 722 (quoting *Williams*, 917 F.3d at 770). Officer Lor thus had "fair warning" that shooting Calliste from outside the trajectory of Calliste's vehicle—the facts viewed most favorable to Calliste—would be an unconstitutional use of deadly force. *Id.* at 722–23.

### III. Standard of Review

We review *de novo* the district court's denial of qualified immunity at summary judgment. *Cox v. Quinn*, 828 F.3d 227, 235 (4th Cir. 2016). We are required "to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (internal quotation marks and citation omitted).

IV. Analysis

Though the collateral order doctrine allows a party to appeal denial of qualified immunity at summary judgment, our jurisdiction over such an appeal is limited. As this court has said repeatedly, "we have jurisdiction to consider purely legal questions, but not over the district court's determination that the summary judgment record . . . raised a genuine issue of material fact because that is not a final decision for purposes of 28 U.S.C. § 1291." *Pegg v. Herrnberger*, 845 F.3d 112, 117 (4th Cir. 2017) (internal quotation marks and citation omitted). We can answer but a single, narrow legal question: "if we take the facts as the district court gives them to us, and we view those facts in the light most favorable to the plaintiff, is the defendant still entitled to qualified immunity?" *Williams*, 917 F.3d at 768.

A.  Violation of a Constitutional Right

We begin with the first prong of the qualified immunity analysis—whether Officer Lor's conduct violated Calliste's constitutional right to be free from excessive force. *Nazario v. Gutierrez*, 103 F.4th 213, 230 (4th Cir. 2024). On this first prong, the district court determined that a genuine issue of material fact remained as to whether Officer Lor was in the vehicle's trajectory and concluded that Officer Lor would have used unconstitutional deadly force taking the facts in the light most favorable to Calliste. Officer Lor argues that, contrary to the district court's assessment of the facts, his shots were "a near match with the first volleys fired in *Waterman*," and that, contrary to the district court's assessment of the facts, he could have been run over "in seconds" if Calliste had not swerved out of the way. Officer Lor's Opening Br. at 14–18.

These are precisely the type of arguments that we cannot entertain in this posture. Where, as here, "summary judgment was denied as to a particular claim solely because there is a genuine issue of material fact . . . we lack jurisdiction to consider it." *Iko*, 535 F.3d at 235. "[W]e cannot reach whether the plaintiff has produced enough evidence to survive summary judgment." *Williams*, 917 F.3d at 768 (citing *Winfield v. Bass*, 106 F.3d 525, 530 (4th Cir. 1997)); *see also Buonocore v. Harris*, 65 F.3d 347, 361 (4th Cir. 1995) ("[A]n order denying summary judgment on qualified immunity grounds insofar as it determines whether the pretrial record sets forth a 'genuine' issue of fact is not immediately appealable." (internal quotation marks and citations omitted)).

B.   Clearly Established Right

In the second prong of the qualified immunity inquiry, we ask whether the right was "clearly established" at the time of the alleged violation. *Nazario*, 103 F.4th at 230. A right is "clearly established" when the contours of the right are clear enough to ensure that a "reasonable official" would have understood that the alleged conduct was unlawful. *Betton v. Belue*, 942 F.3d 184, 193 (4th Cir. 2019). The district court determined that *Williams* and *Waterman* clearly established Calliste's right at the time Officer Lor shot him. The district court reasoned that Calliste's right was clearly established because Calliste raised "a genuine dispute of material fact as to whether [Officer Lor] shot [Caliste] while [Officer Lor] was 'no longer in the car's trajectory.'" *Calliste*, 695 F. Supp. 3d at 722 (quoting *Williams*, 917 F.3d at 770).

Rather than mounting a legal challenge on this prong, however, here again Officer Lor objects to the district court's factual determination. Officer Lor does exactly what is

8

impermissible in this posture—he argues that he, rather than the district court, has the better interpretation of the right at issue, pointing to his version of the relevant facts. Officer Lor argues that the district court erred because "there is no dispute that Officer Lor was in Calliste's trajectory, albeit not his direct path, when he fired shots." Officer Lor's Opening Br. at 20. That claim contradicts the district court's repeated factual determination, taking the facts in the light most favorable to Calliste, that Officer Lor "was 'no longer in the car's trajectory.'" *Calliste*, 695 F. Supp. 3d at 722 (quoting *Williams*, 917 F.3d at 770). When a defendant does "*not* argue that 'if we take the facts as the district court [gave] them to us,' then the district court erred as a legal matter when it found that the alleged conduct violated" a clearly established right, but instead challenges the district court's assessment of the factual record, "we lack jurisdiction" and must dismiss the appeal. *Hicks v. Ferreyra*, 965 F.3d 302, 312 (4th Cir. 2020) (quoting *Williams*, 917 F.3d at 768) (emphasis and alteration in original). So too here.

## V. Conclusion

For the reasons set forth above, we dismiss Officer Lor's appeal of the district court's order denying summary judgment on the basis of qualified immunity. Officer Lor argues with the district court's assessment of the relevant facts. We lack jurisdiction to consider such argument at this stage.

*DISMISSED*