UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-455-MOC-DCK

| | |
|---|---|
| XYAVIER CALLISTE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF CHARLOTTE, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Continue Trial and Suspend Pre-trial Deadlines, filed through counsel. (Doc. No. 68). Defendants oppose the motion. (Doc. No. 69). For the following reasons, the motion is **GRANTED**.

Trial in this matter is set to start on August 18, 2025. In support of the motion to continue, Plaintiff's counsel asserts that Plaintiff is a critical participant in the upcoming trial, both as the named Plaintiff and as a necessary witness to the events giving rise to his claims. Plaintiff's counsel asserts that Plaintiff is currently being detained in New York in connection with a parole-related matter out of Texas. Plaintiff has a pending New York court date, which may impact his custodial status and any efforts to secure release. Plaintiff's counsel asserts that Plaintiff's extradition to Texas would require issuance of a governor's requisition warrant from Texas, review and acceptance by the Governor of New York, and further court proceedings unless waived. Counsel asserts that, even when uncontested, the extradition process may take 30 to 90 days or longer. Counsel asserts that Plaintiff's presence cannot be guaranteed by the August 18, 2025, trial date. Counsel seeks a continuance of the trial for at least 90 days.

The Court finds that Plaintiff has met his burden in showing that the trial in this matter

1

should be continued for at least 90 days. The Court **GRANTS** the Motion to Continue, and the trial scheduled for August 18, 2025, is continued to a date to be determined, but no less than 90 days from the August 18 trial date. All pre-trial deadlines are suspended until a new trial date is determined by the Court.

However, the Court notes that it will <u>not</u> postpone this civil trial indefinitely merely because Plaintiff is now in detention or may detained for the foreseeable future. As Defendants note, the outcome of the pending parole matter in Texas is uncertain. The Court is not inclined to grant any more continuances of the trial in this case, which has been pending since 2021.

**IT IS SO ORDERED**.

Signed: August 1, 2025

Max O. Cogburn Jr
United States District Judge